UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| RAYMUNDO ROMERO-BENUMEA,     )<br>                                                            )<br>                         Movant,           )<br>                                                            )<br>         vs.                                            )          1:09-cv-1104-TWP-TAB<br>                                                            )<br>UNITED STATES OF AMERICA.   ) | |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343-44 (1974). That is the relief sought in this action by Raymundo Romero-Benumea.

Having considered the pleadings and the expanded record, and being duly advised, the court finds that Romero's motion for relief pursuant to 28 U.S.C. § 2255 must be **denied.**

**I. Background**

The charge against Romero for unlawful re-renty into the United States following a deportation subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2), in Cause Number 1:07-cr-149-DFH-KPF-1, was resolved through the submission and the court's acceptance of a plea agreement.

On April 28, 2008, a hearing was held on Romero's Plea Petition. At that proceeding, the court found that Romero's plea of guilty was knowingly and voluntarily entered, and that a factual basis for the plea was established. The court accepted the Plea Agreement and Romeo's plea of guilty, and adjudged Romero guilty as charged. That same day, a sentencing hearing was conducted. At that hearing, Romero was sentenced to an executed term of imprisonment of 96 months to be followed by three years of supervised release. Judgment of conviction was formally entered on the Court's docket on May 2, 2008.

Romero appealed his conviction and his sentence to the Seventh Circuit. See *United States v. Reymundo Romero-Benumea*, 307 Fed. Appx. 995 (7th Cir. 2009) (unpublished). The Seventh Circuit found that no non-frivolous issues were apparent, and that any claim that Romero might wish to assert with respect to ineffective assistance of counsel should be reserved for post-conviction collateral proceedings. *Romero-Benumea*, 307 Fed. Appx. at 997-98. Accordingly, Romero's direct appeal was dismissed. *Id.* Romeo subsequently filed this action seeking relief pursuant to motion for relief pursuant to 28 U.S.C. § 2255.

He contends that his counsel was ineffective in his representation of Romero in proceedings before the trial court and on appeal. He does not challenge his conviction, only the sentence he received.

## II. Discussion

A court may grant relief from a federal conviction or sentence pursuant to 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

Romero asserts various claims of ineffective representation by his counsel at the district court level and with respect to his appeal, specifically Romero argues that his defense counsel failed to object to the way his offense level was calculated in the pre-sentencing report and later fraudulently filed an *Ander's* brief. The United States has responded to Romero's claims by arguing that his claims are without merit.

Romero properly reserved his claim of ineffective assistance of counsel for assertion in a collateral attack on his conviction, but the claim nonetheless is without merit. To prevail on a claim of ineffective assistance by trial counsel, a defendant must demonstrate "both deficient performance and resulting prejudice." *Veal v. Cooper*, 936 F. Supp. 511, 514 (N.D. Ill. 1996). It is not enough to identify any error by counsel. An isolated error by a lawyer who has furnished a vigorous and competent defense is not ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 690 (1984); *Holman v. Gilmore*, 126 F.3d 876, 881-84 (7th Cir. 1997). To satisfy the prejudice requirement, "there must exist a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would be different." *Veal*, 936 F. Supp. at 514 (internal quotation marks omitted). The movant bears the burden of demonstrating prejudice. *Veal*, 936 F. Supp. at 514. "[T]he court need not scrutinize counsel's performance if disposition on the prejudice prong is easier." *Id.*

Romero's multiple allegations of ineffective assistance of counsel at the district court level (all of which appear directed toward his sentence) all fail because Romero plead guilty and by so pleading is precluded from "raising any question regarding the facts alleged in the indictment." *United States v. Walton*, 36 F.3d 32, 34 (7th Cir. 1994). Romero has "admitted all those facts and cannot undo his admission." *Id.* "Further, he has waived all non-jurisdictional challenges to the constitutionality of his conviction." *Id.* In addition, Romero stipulated to his offense level in a binding plea agreement. Romero's plea of guilty was knowingly and voluntarily entered, thus none of the factual matters he now asserts relating to the calculation of his sentence, and which he claims demonstrate ineffective counsel, are material.

"The presumption of verity [of a defendant's statements in pleading guilty] is overcome only if the defendant 'satisfies a heavy burden of persuasion.'" *United States v. Logan*, 244 F. 3d 553, 558 (7th Cir. 2001) (brackets in *Logan*, internal quotation marks omitted). "Litigants must live with the stories they tell under oath." *Escamilla v. Jungwirth*, 426 F. 3d 868, 870 (7th Cir. 2005). Romero represented to the court in his Plea Petition,

in his Plea Agreement, and in his colloquy with the court at his change of plea hearing, that he was guilty and that his plea of guilty was knowingly and voluntarily entered. Romero received the sentence that he bargained for and agreed. He cannot now just take it all back.

With respect to Romero's claims of ineffective assistance of counsel on appeal, the rule is that counsel is ineffective only if he fails to raise issues that are (1) obvious; and (2) clearly stronger than the ones raised. *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994). Romero has made no such showing. "In the context of an appeal, counsel need not raise every conceivable argument that is supported by the record." *Hollenback v. United States*, 987 F.2d 1272, 1275 (7th Cir. 1993).

The United States notes that, although Romero's Plea Agreement did not waive his right to appeal, it is questionable as to whether Romero retained any direct appellate rights. Title 18, United States Code, Section 3742(c)(1) provides that "[i]n the case of a plea agreement that includes a specific sentence under rule 11(e)(1)(C) of the Federal Rules of Criminal Procedure - a defendant may not file a notice of appeal . . . unless the sentence imposed is greater then the sentence set forth in such agreement."[1] Romero received the sentence specified in his Plea Agreement; that is, "a sentence within the advisory range of an adjusted offense level of 21 . . . ." Plea Agreement, ¶ 3. The court does not rely exclusively on this argument, but notes it for whatever merit there is to it.

Romero has not asserted or demonstrated any ineffectiveness on the part of his counsel with respect to the negotiation of his Plea Agreement. *See Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Romero has demonstrated no deficiency in the conduct of his change of plea proceedings or in his sentencing hearing. Romero's claims are uniformly without merit and are summarily rejected.

### III.  Conclusion

For the reasons explained above, Romero is not entitled to relief in this action. He entered into a valid plea agreement and that plea agreement is valid. The court **denies** Romero's motion for relief pursuant to 28 U.S.C. § 2255. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  8/2/2010

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

---

[1] Rule 11(e)(1)(C), Fed. R. Crim. P., is now Rule 11(c)(1)(C).